UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THOMAS GESUALDI, et al.,

                                  Plaintiffs,

     -against-

MV TRANSPORT CORP. and MAL TRANSPORT INC.,

                                Defendants.
-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 20-4288 (DG)(ARL)

**LINDSAY, Magistrate Judge:**

Before the Court is the plaintiffs' motion to strike the defendants' answer pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. Despite service of the motion to strike, the defendants have failed to respond. For the reasons set forth below, the undersigned respectfully recommends that the motion be granted.

## BACKGROUND

The plaintiffs, Thomas Gesualdi, Louis Bisignano, Darin Jeffers, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Thomas Corbett and Robert G. Wessels, as trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, commenced this action on September 14, 2020, seeking injunctive and monetary relief under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185. Among other things, the plaintiffs seek to compel the defendants, MV Transport Corp. ("MV") and MAL Transport Inc. ("MAL"), to submit the books and records of MAL from

MAL's inception to date and for both entities to submit their books and records for the period commencing February 1, 2017 to the present. The defendants also seek an order adjudicating MV and MAL to be successors, alter-egos, joint employers and/or single employers and for judgment against MV and MAL, jointly and severally, for amounts due and owing from MAL to the funds.

On November 20, 2020, the defendants filed their answer. In January 2021, the undersigned held a conference at which time a discovery deadline of July 13, 2021 was established. However, between January 2021 and May 2022, the parties sought numerous extensions of the discovery deadlines. Despite those extensions, discovery was not completed and, in July 2022, counsel for the defendants filed a premotion conference letter indicating his intention to file a motion to withdraw. In that letter, counsel indicated that his representation of the defendants had been rendered impracticable, if not impossible, "by [his] past and present inability to establish a predictable and consistent line of communication with the defendants." On July 19, 2022, the undersigned indicated that a premotion conference was unnecessary and one week later counsel filed the formal motion to withdraw. The defendants were provided an opportunity to respond and, at the same time, were warned by the Court that corporations could only appear in the federal courts through licensed counsel. Notwithstanding that warning, the defendants failed to respond and, on August 12, 2022, defense counsel's motion was granted.

The undersigned's August 12 order, once again, advised the defendants that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). As such, the defendants were directed to obtain new counsel and

2

have that counsel file a notice of appearance in this action. Moreover, the Court warned the defendants that their failure to obtain new counsel on or before September 26, 2022 could result in the imposition of sanctions, including a recommendation to the District Judge that a default judgment be entered against them.

On November 3, 2022, the plaintiffs reported that the defendants had failed to obtain new counsel and submitted a motion seeking to strike the defendants' answer and to permit them to file a request for a certificate of default with the Clerk of the Court as well as a formal motion for a default judgment. Although the grounds existed to recommend that the defendants' answer be stricken by that point, the undersigned decided to provide the defendants with one final opportunity to obtain new counsel and have that counsel file a notice of appearance in this action by November 28, 2022. However, the Court advised the defendants that if they failed to do so, the undersigned would entertain a renewed motion to strike the answer and have a default judgment entered. The defendants failed to respond and. on March 27, 2023, the plaintiffs filed the instant renewed motion.

## DISCUSSION

"Pursuant to Federal Rule of Civil Procedure 16(f) and 37(b), '[a] court may impose a range of sanctions on a party which fails . . . to comply with scheduling and other pretrial orders including, among other things, striking pleadings and rendering a default judgment.'" *Arch Ins. Co. v. Sky Materials Corp.,* No. 17 CV 2829 (CBA)(LB), 2021 WL 966110, at *3 (E.D.N.Y. Jan. 29, 2021), report and recommendation adopted, No. 17 CV 2829 (CBA)(LB), 2021 WL 964948 (E.D.N.Y. Mar. 15, 2021) (citing *Trustees of the Paper Products, Miscellaneous*

3

*Chauffers, Warehousemen & Helpers Union Local 27 Welfare Trust Fund & Pension Fund v. J & J Int'l Logistics, Corp.*, No. 12-CV-1475 (ILG)(VMS), 2013 WL 5532710, at *2 (E.D.N.Y. Oct. 4, 2013)). The Second Circuit has provided several factors to be considered in determining whether to impose sanctions pursuant to this rule, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Southern New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)(citing *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Nieves v. City of New York*, 208 FRAT 531, 535 (S.D.N.Y. 2002)) (internal quotation marks and alteration omitted). In addition, given the fact that the imposition of a default judgment pursuant to Rule 37 is a "drastic remedy," it should generally be used only when the district judge has considered lesser alternatives. *Id.* (citing *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)). Nonetheless, "[w]here a corporate defendant has been ordered to retain counsel and fails to do so, striking a defendant's answer, including its counterclaims, is an appropriate sanction." *Arch Ins. Co.,* 2021 WL 966110, at *4.

  Here, the defendants have twice disregarded the Court's direction to obtain new counsel. In fact, the defendants have not responded in any way to the motions filed by the plaintiffs despite being served with copies of those motions. Moreover, this action has been severely delayed as a result of the defendants unwillingness to cooperate with their former counsel. Under these circumstances, the plaintiffs would be substantially prejudiced should they be required to continue to litigate against non-appearing, unresponsive parties. Accordingly, the

undersigned recommends that the defendants' answer be stricken and the plaintiffs be permitted to file a request for the entry of a default and a motion for a default judgment.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the plaintiffs. Counsel for the plaintiffs is directed to immediately serve the defendants with a copy of this Report and Recommendation and to file proof of service with the Court. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any requests for an extension of time for filing objections must be directed to District Judge Gujarati prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
April 7, 2023

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge